IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA and AMERICAN FINANCIAL & AUTOMOTIVE SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN ABSHER, <br><br> Defendants. | Civil Action No. 1:24-cv-02930-VMC |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS

Defendant John Absher files his Memorandum of Law in Support of his Partial Motion to Dismiss (the "Motion"), and respectfully shows this Honorable Court as follows:

### I.  INTRODUCTION

Plaintiffs' claims against Mr. Absher arise out of his alleged misappropriation of Plaintiffs' trade secret information. In the Complaint, Plaintiffs accuse their former employee, Mr. Absher, of obtaining documents containing their alleged trade secret information through misrepresentations, sending these documents to a Gmail account, and using their confidential information and trade secrets to solicit

customers. Based on these allegations, Plaintiffs assert claims for breach of non-disclosure provisions contained in agreements with Plaintiffs and violation of the Georgia Trade Secrets Act.

Plaintiffs' Complaint, however, also tacks on a claim for fraud (Count IV) that is based on the same allegations as those that support their misappropriation claim. The fraud claim is preempted under the Georgia Trade Secrets Act and should thus be dismissed.

## II.  ARGUMENT AND CITATIONS OF AUTHORITY

To survive a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Arrington v. Alabama Power Co.*, No. 17-14706, 2019 WL 1755403, at *3 (11th Cir. 2019) (internal citation omitted). "When allegations are more conclusory than factual, the court need not assume their truth." *Id.* Accordingly, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (internal citation omitted). Further, though all reasonable inferences must be drawn in the non-moving party's favor, a complaint will only survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 547.

2

A.      **Plaintiff's claim for Fraud (Count IV) should be dismissed.**

      1.      **The fraud claim is preempted by the Georgia Trade Secrets Act.**

The Georgia Trade Secrets Act ("GTSA") supersedes conflicting theories of recovery predicated on misappropriation of trade secrets. O.C.G.A. § 10-1-767(a) ("[The GTSA] shall supersede conflicting tort, restitutionary, and other laws of this state providing civil remedies for misappropriation of a trade secret."). "The GTSA supersedes all conflicting laws providing restitution or civil remedies for the misappropriation of trade secrets. For the GTSA to maintain its exclusiveness, a plaintiff cannot be allowed to plead a lesser and alternate theory of restitution simply because the information does not qualify as a trade secret under the act." *Robbins v. Supermarket Equip. Sales, LLC*, 290 Ga. 462, 466 (2012); *see also Diamond Power Int'l, Inc. v. Davidson*, 540 F. Supp. 2d 1322, 1345 (N.D. Ga. 2007) ("Preemption is [] appropriate where 'other claims are no more than a restatement of the same operative facts which would plainly and exclusively spell out only a trade secret misappropriation.'").

The GTSA thus preempts claims that rely on the same allegations as those underlying a claim for misappropriation of a trade secret. *Robbins*, 722 S.E.2d at 58; *Diamond Power Int'l*, 540 F. Supp. 2d at 1345 (finding that when conversion, fiduciary duty, unjust enrichment, and tortious interference claims are based entirely on the same allegations upon which plaintiff's trade secrets misappropriation claims

3

are based, they are superseded by the GTSA); *see also Penalty Kick Mgmt Ltd. v. Coca Cola Co.*, 318 F.3d 1284, 1296-98 (11th Cir. 2003) (affirming district court's holding that plaintiff's claims for conversion, breach of a confidential relationship and duty of good faith, unjust enrichment, and quantum meruit were superseded by the GTSA).

Additionally, the GTSA supersedes claims even if the information at issue does not satisfy the definition of a "trade secret." *Diamond Power Int'l, Inc. v. Davidson*, 540 F. Supp. 2d 1322, 1345 (N.D. Ga. 2007) ("If a plaintiff could alternatively recover for misappropriation of non-proprietary information or misappropriation of unguarded proprietary information, the legislative judgment contained in the GTSA—that such information should otherwise flow freely in the public domain—would be subverted. And it would make little sense to go through the rigamarole of proving information was truly a trade secret if a plaintiff could alternatively plead claims with less burdensome requirements of proof."); *Robbins*, 290 Ga. at 465 ("For the GTSA to maintain its exclusiveness, a plaintiff cannot be allowed to plead a lesser and alternate theory of restitution simply because the information does not qualify as a trade secret under the act.").

Here, Plaintiffs allege a common law fraud claim against Absher (Count IV). [Compl., Doc. 1, ¶¶ 101-107]. Plaintiffs' basis for the fraud claim is that Mr. Absher "knowingly made false and material misrepresentations to the Company when he

4

requested confidential cession statements and top sheets in February 2024 and represented that he needed such confidential information for meetings with the Company's dealer client in the scope of his roles as an independent contractor for the Company." [*Id.*, at ¶ 101]. Relatedly, Plaintiffs allege that "between February 7, 2024 and February 23, 2024, Absher, through misrepresentations to his ADS co-workers, obtained approximately 70 documents containing sensitive, non-public financial information regarding ABIC clients, client contact information, and competitively valuable trade secret information regarding the Company's business." [*Id.*, at ¶ 46]. Plaintiffs describe "cession statements" as "highly confidential documents akin to banking statements maintained by the Company that contain sensitive financial information for each dealer clients . . . ." [*Id.*, at ¶ 55]. Plaintiffs further allege that "Absher had no legitimate need for the cession statements he requested as, upon information and belief he had already begun soliciting certain of the Company's clients to switch their business to a competitor." [*Id.*, at ¶ 59].

Plaintiffs also allege a trade secret misappropriation claim against Mr. Absher under the GTSA (Count III). [Compl., Doc. 1, ¶¶ 93-99]. This claim is based on the same facts as the fraud claim. As Plaintiffs put it, Mr. Absher "through subterfuge, requested, obtained, and misappropriated confidential information and trade secrets belonging to the Company and its automotive dealer clients . . ." [*Id.*, at ¶ 4]. Moreover, under the trade secrets claim, Plaintiffs assert that Mr. Absher "had access

5

to [their] trade secret information by virtue of his employment and consulting relationships with the Company . . ." [*Id.*, at ¶ 95], and that Mr. Absher "used 'improper means,' as defined in O.C.G.A. § 10-1-761(1) to acquire the Company's trade secrets and to disclose and use the Company's trade secrets for the benefit of himself without the Company's express or implied consent." [*Id.*, at ¶ 96].

Given Plaintiffs' trade secrets claim is based on the same "subterfuge" and misrepresentations as those alleged in the fraud claim, the fraud claim is preempted by the GTSA and should be dismissed. Indeed, courts have held that the GTSA supersedes common law claims materially similar to those asserted by Plaintiffs. *See, e.g.*, *Agilysys, Inc. v. Hall*, 258 F. Supp. 3d 1331, 1352–53 (N.D. Ga. 2017) ("Plaintiff's tortious interference with business relations claim is premised on Hall relying on his alleged misappropriation of trade secrets and confidential information to lure customers away from Agilysys and to Solutions II. These are the same factual allegations underlying Plaintiff's GTSA claim, and therefore, the tortious interference claim is preempted as to both Defendants to the extent Plaintiff relies on the misappropriation of information." (footnote omitted)).

**2. The Complaint fails to state a claim for fraud for Mr. Absher's alleged misappropriation of confidential and trade secret information.**

In addition to preemption, Plaintiffs' claim for fraud should independently be dismissed for failure to state a claim. Under Georgia law, a mere breach of contract

6

does not give rise to a tort; the defendant must have breached an independent duty created by statute or common law. *See Valles v. State Farm Fire & Cas. Co.*, No. 1:19-CV-5593-MLB, 2021 WL 322097, at *3 (N.D. Ga. Feb. 1, 2021); *see also Wallace v. State Farm Fire & Cas. Co.*, 247 Ga. App. 95, 98, 539 S.E.2d 509, 512 (2000) ("Absent a legal duty beyond the contract, no action in tort may lie upon an alleged breach of contractual duty." (citing *Traina Enterprises, Inc. v. RaceTrac Petroleum, Inc.*, 241 Ga. App. 18, 20, 525 S.E.2d 712, 714 (1999))).

Here, Plaintiff's fraud claim is based on Mr. Absher's alleged misappropriation of Plaintiffs' confidential and trade secret information through alleged misrepresentations to Plaintiffs. [Compl. ¶ 101]. Plaintiffs' breach of contract claims are based on the same conduct: "[allegedly] misappropriating confidential information of the Company, confidential information of the Company's dealer clients, and trade secrets for his personal use and to solicit customers away from the Company . . ." [*Id.*, at ¶¶ 83, 90]. Accordingly, Plaintiffs' fraud claim is merely a recast breach of contract claim and should thus be dismissed.

**3.    The Complaint fails to state a claim for fraud for Mr. Absher's alleged "Various Additional Material Misrepresentations".**

Plaintiffs allege that Mr. Absher made various additional material misrepresentations to Plaintiffs:

7

- That Mr. Absher sent an email on February 12, 2024 that he was going to retire on March 1 and would not need his license as he was retiring from the industry [*Id.*, at ¶ 72];

- That Mr. Absher sent an email to the Senior Vice President of ADS on February 26, 2024, "implying" that he would be retiring and spending more time with his family [*Id.*, at ¶ 74]; and

- That Mr. Absher emailed two ADS Regional Managers on February 26, 2024 that he will forward requests from dealerships to them moving forward [*Id.*, at ¶ 76].

There are five elements to a fraud claim: (1) false representation by a defendant, (2) scienter, (3) intention to induce the plaintiff to act or refrain from acting, (4) justifiable reliance by the plaintiff, and (5) damage to the plaintiff. *Next Century Communications Corp. v. Ellis*, 318 F.3d 1023, 1027 (11th Cir. 2003). Here, to the extent Plaintiffs rely on these "Various Additional Material Misrepresentations" for their fraud claim, Plaintiffs fail to allege that Mr. Absher intended to induce them to act or refrain from acting based on these alleged misrepresentations, that Plaintiffs justifiably relied on the alleged misrepresentations, or that Plaintiffs suffered any damages as a result of these alleged misrepresentations. Therefore, the fraud claim should be dismissed to the extent that it is based on these alleged "additional material misrepresentations."

### III.  **CONCLUSION**

For the reasons set forth above, the Motion should be granted, and Plaintiffs' fraud claim (Count IV) should be dismissed.

This 29th day of July, 2024.

                                                Respectfully submitted,

                                                **BERMAN FINK VAN HORN P.C.**

                                                */s/ Daniel H. Park*
                                                Daniel H. Park
                                                Georgia Bar No. 930188
                                                E-mail: dpark@bfvlaw.com
                                                Brett A. Switzer
                                                Georgia Bar No. 554141
                                                E-mail: bswitzer@bfvlaw.com

3475 Piedmont Road, N.E.          COUNSEL FOR DEFENDANT
Suite 1640                                    JOHN ABSHER
Atlanta, Georgia 30305
Telephone: (404) 261-7711

## **CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 7.1D AND 5.1B**

This is to certify that the foregoing **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS** was prepared using Times New Roman 14-point font in accordance with Local Rules 7.1D and 5.1B.

This 29th day of July, 2024.

                                                       **BERMAN FINK VAN HORN P.C.**

                                                       By:   */s/ Daniel H. Park*
                                                               Daniel H. Park
                                                               Georgia Bar No: 930188

## CERTIFICATE OF SERVICE

I certify that, on July 29, 2024, I electronically filed the foregoing **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following:

> Nathan D. Chapman, Esq.
> Shawna M. Miller, Esq.
> KABAT CHAPMAN & OZMER LLP
> 171 17th Street, NW
> Suite 1550
> Atlanta, Georgia 30363
> nchapman@kcozlaw.com
> smiller@kcozlaw.com
> *Counsel for Plaintiffs*

**BERMAN FINK VAN HORN P.C.**

By:   */s/ Daniel H. Park*
       Daniel H. Park
       Georgia Bar No: 930188