IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA and AMERICAN FINANCIAL & AUTOMOTIVE SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN ABSHER, <br><br> Defendants. | **Civil Action No. 1:24-cv-02930-VMC** |

## <u>DEFENDANT'S MOTION FOR AN ORDER CONFIRMING STAY OF ANSWER DEADLINE PENDING A RULING ON DEFENDANT'S PARTIAL MOTION TO DISMISS</u>

Defendant John Absher files this Motion for an Order Confirming the Stay of His Answer Deadline Pending a Ruling on Defendant's Partial Motion to Dismiss (the "Motion") and respectfully shows this Honorable Court as follows:

1.

On July 29, 2024, Mr. Absher filed his Partial Motion to Dismiss (Doc. No. 5) (the "Partial Motion to Dismiss"). The Partial Motion to Dismiss asks the Court to dismiss Plaintiff's fraud claim (Count IV). The Partial Motion to Dismiss does not seek dismissal at the pleadings stage of Plaintiff's claims for breach of contract (Count I and Count II), violations of the Georgia Trade Secrets Act (Count III),

attorney fees (Count V), punitive damages (Count VI), or injunctive relief (Count VII).

2.

Under the holding adopted by the majority of federal courts addressing whether a partial motion to dismiss stays a defendant's obligation to answer any unchallenged claims, the Partial Motion to Dismiss stays Defendant's obligation to answer any unchallenged claims. *Beaulieu v. Bd. of Trs. of Univ. of W. Fla.*, No. 3:07cv30/RV/EMT, 2007 WL 2020161, at *2 (N.D. Fla. July 9, 2007) (recommending that motion for default judgment be denied and stating that "[t]he majority of courts considering [the question of whether a partial motion to dismiss extends the moving party's period of time to answer the unchallenged claims] have concluded that a party need not file an answer while a partial motion to dismiss is pending") (citing *Oil Express Nat'l, Inc. v. D'Alessandro*, 173 F.R.D. 219, 220 (N.D. Ill. 1997)); *see also* Fed. R. Civ. P. 12(a)(4) ("Unless the court sets a different time, serving a motion under this rule alters these periods as follows: [] if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action . . ."); *Gortat v. Capala Bros., Inc.*, 257 F.R.D. 353, 366 (E.D.N.Y. 2009) ("[i]f the opposite rule controlled and partial motions to dismiss did not suspend a party's obligation to reply to additional claims, the result would be 'a procedural thicket' of piecemeal answers that would

poorly serve judicial economy"); *Finnegan v. Univ. of Rochester Med. Ctr.*, 180 F.R.D. 247, 249-50 (W.D.N.Y. 1998) ("the weight of the case authority . . . holds that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion"); C. Wright and A. Miller, FEDERAL PRACTICE & PROCEDURE, 5B Fed. Prac. & Proc. Civ. § 1346 (". . . the weight of the limited authority on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion. Courts following this majority rule have noted that that the minority approach would require duplicative sets of pleadings in the event that the Rule 12(b) motion is denied and cause confusion over the proper scope of discovery during the motion's pendency").

### 3.

Further, this Court has acknowledged that the majority of courts "have concluded that a party need not file an answer while a partial motion to dismiss is pending." *Cuyler v. Kroger Co.*, No. 1:14-CV-1287-WBH-AJB, 2014 WL 12547267, at *6 (N.D. Ga. Oct. 3, 2014) ("Moreover, because a partial motion to dismiss has been pending in this matter, it has been unnecessary for Defendant to answer the unchallenged claims."); *see also Schell v. Amendia, Inc.*, No. 1:17-cv-02761, 2018 WL 11344733 (N.D. Ga. Feb. 23, 2018) ("The Court finds that under

these circumstances, where a single defendant has filed a Rule 12(b)(6) motion to dismiss a subset of claims in the complaint, Defendant is not required to answer until fourteen days after notice of the Court's action on the Rule 12(b)(6) motion."); *Gray v. Nationstar Mortgage, LLC*, Civil Action No. 1:14-CV-0431-WBH, 2014 WL 12139086, at *2 (N.D. Ga. Aug. 4, 2014) ("This Court agrees with the substantial case law that stands for the proposition that when a defendant files a Rule 12(b)(6) motion to dismiss, addressing only some of the claims contained in the plaintiffs complaint, the defendant is not required to file an answer until the court rules on the motion to dismiss.").

4.

Nevertheless, because some contrary authority exists, out of an abundance of caution, Mr. Absher respectfully requests that the Court enter an Order confirming his obligation to file an answer in response to the Complaint is stayed by the filing of his Partial Motion to Dismiss.

5.

Alternatively, to the extent the Court finds Mr. Absher's obligation to file an answer is not stayed, Mr. Absher respectfully requests the Court extend his deadline to file his answer through and including 14 days following the date of the Court's ruling on his Partial Motion to Dismiss.  Fed. R. Civ. P. 12(a)(4)(A).

6.

A proposed Order is attached as **Exhibit A** for the Court's convenience.

This 29th day of July, 2024.

Respectfully submitted,

**BERMAN FINK VAN HORN P.C.**

 /s/ Brett A. Switzer
Brett A. Switzer
Georgia Bar No. 554141
E-mail: bswitzer@bfvlaw.com

Daniel H. Park
Georgia Bar No. 930188
E-mail: dpark@bfvlaw.com

3475 Piedmont Road, N.E.          COUNSEL FOR DEFENDANT
Suite 1640                        JOHN ABSHER
Atlanta, Georgia 30305
Telephone: (404) 261-7711

## <u>CERTIFICATION OF COMPLIANCE WITH LOCAL RULES<br>7.1D AND 5.1B</u>

This is to certify that the foregoing **MOTION TO STAY INITIAL RESPONSE DEADLINE PENDING A RULING ON DEFENDANT'S PARTIAL MOTION TO DISMISS** was prepared using Times New Roman 14-point font in accordance with Local Rules 7.1D and 5.1B.

This 29th day of July, 2024.

                                        **BERMAN FINK VAN HORN P.C.**

By:   */s/ Brett A. Switzer*
               Brett A. Switzer
               Georgia Bar No: 554141

**<u>CERTIFICATE OF SERVICE</u>**

I certify that, on July 29, 2024, I electronically filed the foregoing **MOTION TO STAY INITIAL RESPONSE DEADLINE PENDING A RULING ON DEFENDANT'S PARTIAL MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following:

> Nathan D. Chapman, Esq.
> Shawna M. Miller, Esq.
> KABAT CHAPMAN & OZMER LLP
> 171 17th Street, NW
> Suite 1550
> Atlanta, Georgia 30363
> nchapman@kcozlaw.com
> smiller@kcozlaw.com
> *Counsel for Plaintiffs*

**BERMAN FINK VAN HORN P.C.**

By:    */s/ Brett A. Switzer*
Brett A. Switzer
Georgia Bar No: 554141