IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA and AMERICAN FINANCIAL & AUTOMOTIVE SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN ABSHER, <br><br> Defendants. | **Civil Action No. 1:24-cv-02930-VMC** |

## <u>DEFENDANT JOHN ABSHER'S</u><br><u>ANSWER AND AFFIRMATIVE DEFENSES</u>

Defendant John Absher files this his Answer and Affirmative Defenses, and

respectfully shows this Honorable Court as follows:

### <u>AFFIRMATIVE DEFENSES</u>

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims in the Complaint may be barred, in whole or in part, by the

doctrines of laches, estoppel, and/or waiver.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the privilege of fair competition.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the fact that Plaintiffs have failed to identify and describe its alleged trade secrets with particularity.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred because Plaintiffs have not made reasonable efforts to maintain the secrecy of its alleged trade secrets.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred because Plaintiffs are not entitled to injunctive relief.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred by Plaintiffs' unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred because Plaintiffs have suffered no damages.

## NINTH AFFIRMATIVE DEFENSE

The Complaint is barred by the Plaintiffs' failure to mitigate any alleged damages that it contends it has suffered.

## TENTH AFFIRMATIVE DEFENSE

The Complaint is barred because any damages Plaintiffs allege to have suffered were not caused by any wrongful acts or omissions by Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is or may be barred by the doctrines of setoff and/or

recoupment.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' common law fraud claim (Count IV) is preempted by the Georgia Trade Secrets Act, which "supersedes all conflicting laws providing restitution or civil remedies for the misappropriation of trade secrets." *Robbins v. Supermarket Equip. Sales, LLC*, 290 Ga. 462, 466 (2012).

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' common law fraud claim (Count IV) fails to state a claim because Plaintiffs' tort claims are subsumed by its contract claims; i.e., Plaintiffs do not and cannot allege breach of an independent duty created by statute or common law.

## FOURTEENTH AFFIRMATIVE DEFENSE

At no time has Defendant acted in bad faith, been stubbornly litigious, or caused Plaintiff unnecessary trouble and expense. Therefore, Plaintiff is not entitled to an award of attorneys' fees, costs, or the expenses of litigation pursuant to O.C.G.A. § 13-6-11.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seek punitive damages, such claims are barred because Defendant did not engage in any conduct that would give rise to the level required to sustain an award of punitive damages, do not evidence malicious or reckless intent to deny Plaintiff her protected rights, and are not so wanton or willful

as to support an award of punitive damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert any additional affirmative defenses and matters of avoidance as may be disclosed during the course of additional investigation.

In further answer to the Complaint, Defendant responds to the allegations set forth in the individually numbered paragraphs of the Complaint as follows:

## <u>INTRODUCTION</u>[1]

### 1.

Paragraph 1 of the Complaint contains no factual allegations but instead summarizes the legal theories of recovery alleged by Plaintiffs in the Complaint, and therefore no response is required. To the extent a response is deemed required, this paragraph appears to accurately re-state and summarize the Complaint allegations, which are denied except as explicitly admitted herein.

### 2.

Defendant is without knowledge or information sufficient to admit or deny the allegations relative to the alleged May 2020 acquisition of AFAS by an ABIC

---

[1] For purposes of this Defendant John Absher's Answer and Affirmative Defenses, section headers are adopted from the Complaint for organizational purposes only and should not be construed as an admission of any kind.

affiliate and/or Plaintiffs' characterization of their businesses, and therefore such allegations stand denied.  Defendant admits he was employed by the Company (as defined in the Complaint)[2] and that he signed a *Confidentiality and Non-Competition Agreement* in the form attached to the Complaint as Exhibit A (Doc. 1-1), which agreement speaks for itself. Defendant denies any remaining allegations in paragraph 2 of the Complaint calling for legal conclusions and/or otherwise.

3.

Defendant denies the allegations in paragraph 3 of the Complaint as stated. Defendant admits he signed a *Memorandum of Understanding* effective March 1, 2023 and a *Consulting Agreement* effective March 2, 2023 in the forms attached to the Complaint as Exhibit B (Doc. No. 1-2) and Exhibit C (Doc. No. 1-3), respectively, which documents speak for themselves. Defendant denies any remaining allegations in paragraph 3 of the Complaint calling for legal conclusions and/or otherwise.

4.

Defendant denies the allegations in paragraph 4 of the Complaint as stated.

5.

Defendant denies the allegations in paragraph 5 of the Complaint.

---

[2] Except as otherwise defined herein, capitalized terms shall be attributed the same meanings ascribed to them in the Complaint.

6.

Paragraph 6 of the Complaint contains no factual allegations but instead summarizes the legal theories of recovery alleged by Plaintiffs in the Complaint, and therefore no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 6 of the Complaint.

## **PARTIES**

7.

Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 7 of the Complaint and therefore such allegations stand denied.

8.

Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 8 of the Complaint and therefore such allegations stand denied.

9.

Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 9 of the Complaint and therefore such allegations stand denied.

10.

Defendant admits the allegations in paragraph 10 of the Complaint that he

resides at the physical address of 322 Falls Court, Woodstock, GA 30188, which is located in Cherokee County, GA. Any remaining allegations stand denied.

## JURISDICTION AND VENUE

### 11.

To the extent paragraph 11 of the Complaint calls for legal conclusions, no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 11 of the Complaint because Defendant denies liability and denies any damages.

### 12.

Paragraph 12 of the Complaint calls for legal conclusions; therefore, no response is required. To the extent a response is required, Defendant does not contest personal jurisdiction in the United States District Court for the Northern District of Georgia, and the *Consulting Agreement* attached as Exhibit C to the Complaint (Doc. No. 1-2) speaks for itself.

### 13.

Paragraph 13 of the Complaint calls for legal conclusions; therefore, no response is required. To the extent a response is required, Defendant does not dispute venue in the Northern District of Georgia (Atlanta division), and the *Consulting Agreement* attached as Exhibit C to the Complaint (Doc. No. 1-2) speaks for itself.

# FACTUAL BACKGROUND

## The Company's Automotive Reinsurance Products and Services

### 14.

Defendant admits, on information and belief, the allegations in paragraph 14 of the Complaint.

### 15.

Defendant admits, on information and belief, the allegations in paragraph 15 of the Complaint.

### 16.

Without responding to the portion of the allegations in paragraph 16 of the Complaint calling for legal conclusions as to relevance, which require no response, Defendant admits, on information and belief, the remaining allegations in paragraph 16 of the Complaint about various general services provided by the Company.

### 17.

Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 17 of the Complaint, and therefore, such allegations stand denied.

### 18.

Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 18 of the Complaint specific to ABIC and AFAS, and

therefore, such allegations stand denied. Defendant denies any remaining allegations in paragraph 18 of the Complaint.

19.

To the extent paragraph 19 of the Complaint calls for legal conclusions, such allegations require no response. Defendant denies the allegations that the information at issue is highly confidential and/or subject to significant efforts by the Company to maintain their secrecy. Defendant is without knowledge or information sufficient to admit or deny any remaining allegations in paragraph 19 of the Complaint, and therefore, all remaining allegations stand denied.

**Absher's Employment with ABIC and Employment Agreement**

20.

To the extent the allegations at paragraph 20 of the Complaint call for legal conclusions, no response is required. To the extent a response is required, Defendant admits he was employed by the Company, and the related agreements speak for themselves. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations relative to the alleged May 2020 acquisition of AFAS by ABIC's affiliate and/or the precise dates and circumstances relative to Defendant's employment, when, and by whom, and therefore all such remaining allegations stand denied.

21.

Defendant admits he held the position of Regional Sales Manager of ADS and that part of his role involved selling reinsurance products directly to automotive dealers in the Southeast. Defendant denies any remaining allegations in paragraph 21 of the Complaint.

22.

Defendant admits he signed the Confidentiality Agreement, which agreement speaks for itself. Defendant denies any remaining allegations in paragraph 22 of the Complaint calling for legal conclusions and/or otherwise.

23.

The Confidentiality Agreement speaks for itself. Defendant denies any remaining allegations in paragraph 23 of the Complaint.

24.

The Confidentiality Agreement speaks for itself. Defendant denies any remaining allegations in paragraph 24 of the Complaint.

25.

The Confidentiality Agreement speaks for itself. Defendant denies any remaining allegations in paragraph 25 of the Complaint.

26.

The Confidentiality Agreement speaks for itself. Defendant denies any

remaining allegations in paragraph 26 of the Complaint.

27.

The Confidentiality Agreement speaks for itself. Defendant denies any remaining allegations in paragraph 27 of the Complaint.

28.

Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 28 of the Complaint; therefore, such allegations stand denied.

## **The Company Terminates Absher's Employment and Engages Him as a Consultant**

29.

Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 29 of the Complaint; therefore, such allegations stand denied.

30.

Defendant admits the allegations in paragraph 30 of the Complaint, namely that he denied and still denies having made inappropriate and offensive comments.

31.

Defendant denies that he had not been truthful in his account of the events. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 31 of the Complaint; therefore, such allegations

stand denied.

32.

Defendant admits that he executed the MOU attached to the Complaint as Exhibit B (Doc. No. 1-2), which document speaks for itself. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 32 of the Complaint; therefore, such allegations stand denied.

33.

The MOU speaks for itself. Defendant denies any remaining allegations in paragraph 33 of the Complaint.

34.

The MOU speaks for itself. Defendant admits he signed the Consulting Agreement attached to the Complaint as Exhibit C (Doc. No. 1-3), which agreement speaks for itself. Defendant denies any remaining allegations in paragraph 34 of the Complaint.

35.

The MOU speaks for itself. Defendant denies any remaining allegations in paragraph 35 of the Complaint.

36.

The Consulting Agreement speaks for itself. Defendant denies any remaining allegations in paragraph 36 of the Complaint.

37.

The Consulting Agreement speaks for itself. Defendant denies any remaining allegations in paragraph 37 of the Complaint.

38.

The Consulting Agreement speaks for itself. Defendant denies any remaining allegations in paragraph 38 of the Complaint.

39.

The Consulting Agreement speaks for itself. Defendant denies any remaining allegations in paragraph 39 of the Complaint.

40.

The Consulting Agreement speaks for itself. Defendant denies any remaining allegations in paragraph 40 of the Complaint.

41.

Defendant denies the allegations in paragraph 41 of the Complaint.

42.

Defendant denies the allegations in paragraph 42 of the Complaint.

43.

Defendant admits that Mr. Strickland informed him over lunch that Assurant was terminating the Consulting Agreement and reviewed some of its terms. Defendant denies the remaining allegations in paragraph 43 of the Complaint.

44.

Defendant admits the allegations in paragraph 44 of the Complaint.

**[Alleged] Absher Misappropriates Confidential and Trade Secret Information and Uses It to Solicit the Company's Clients**

45.

To the extent the allegations in paragraph 45 of the Complaint call for legal conclusions, no response is required, and all such allegations stand denied. Defendant denies all remaining allegations in paragraph 45 as stated.

46.

To the extent the allegations in paragraph 46 of the Complaint call for legal conclusions, no response is required, and all such allegations stand denied. Defendant denies all remaining allegations in paragraph 46 as stated.

47.

Defendant admits he sent certain documents via email addressed to mailbox3441@gmail.com. The bulk of any remaining allegations in paragraph 47 of the Complaint call for legal conclusions, and no response is required; therefore, such allegations stand denied. Defendant denies any remaining factual allegations in paragraph 47 of the Complaint as stated.

48.

To the extent the allegations in paragraph 48 of the Complaint call for legal conclusions, no response is required, and all such allegations stand denied.

Defendant denies all remaining allegations in paragraph 48 as stated.

48.

49.

To the extent the allegations in paragraph 49 of the Complaint call for legal conclusions, no response is required, and all such allegations stand denied. Defendant denies all remaining allegations in paragraph 49 as stated.

50.

Defendant is without knowledge or information sufficient to admit or deny the allegations relative to the contents of any emails to the Gmail Account; therefore, such allegations stand denied.

51.

Defendant denies the allegations in paragraph 51 of the Complaint as stated.

52.

Defendant denies the allegations in paragraph 52 of the Complaint.

The Cession Statements and Top Sheets

53.

Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 53 of the Complaint; therefore, such allegations stand denied.

54.

Defendant denies the allegations in paragraph 54 of the Complaint as stated.

55.

To the extent the allegations in paragraph 55 of the Complaint call for legal conclusions, no response is required, and all such allegations stand denied. Defendant denies the cession statements and their accompanying data are highly confidential documents. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 55 of the Complaint; therefore, all remaining allegations in paragraph 55 of the Complaint stand denied.

56.

To the extent the allegations in paragraph 56 of the Complaint call for legal conclusions, no response is required, and all such allegations stand denied. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 56 of the Complaint; therefore, all remaining allegations in paragraph 56 of the Complaint stand denied.

57.

Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 57 of the Complaint; therefore, the allegations in paragraph 57 of the Complaint stand denied.

58.

Defendant denies the allegations in paragraph 58 of the Complaint as stated.

59.

Defendant denies the allegations in paragraph 59 of the Complaint.

60.

Defendant denies the allegations in paragraph 60 of the Complaint as stated.

61.

Defendant denies the allegations in paragraph 61 of the Complaint.

62.

Defendant denies the allegations in paragraph 62 of the Complaint.

<u>The Sales Script</u>

63.

To the extent the allegations in paragraph 63 of the Complaint call for legal conclusions, no response is required. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 63 of the Complaint; therefore, all remaining allegations in paragraph 63 of the Complaint stand denied.

64.

To the extent the allegations in paragraph 64 of the Complaint call for legal conclusions, no response is required. Defendant denies all remaining allegations in paragraph 64 as stated.

65.

To the extent the allegations in paragraph 65 of the Complaint call for legal conclusions, no response is required. Defendant denies all remaining allegations in paragraph 65 as stated.

66.

To the extent the allegations in paragraph 66 of the Complaint call for legal conclusions, no response is required. Defendant denies all remaining allegations in paragraph 66 as stated.

67.

Defendant denies the allegations in paragraph 67 of the Complaint.

List of Customer E-mail Addresses

68.

Defendant denies the allegations in paragraph 68 of the Complaint as stated.

69.

Defendant denies the allegations in paragraph 69 of the Complaint.

70.

Defendant denies the allegations in paragraph 70 of the Complaint.

71.

Defendant denies the allegations in paragraph 71 of the Complaint.

## [Alleged] Absher Makes Various Additional Material Misrepresentations

### 72.

Defendant admits that he requested cancellation of some or all of his insurance licenses as stated in paragraph 72 of the Complaint; however, Defendant is without knowledge or information sufficient to admit or deny the specific allegations in paragraph 72 regarding particular emails and/or quoted statements, and therefore, such remaining allegations in paragraph 72 of the Complaint stand denied. Defendant denies any remaining allegations in paragraph 72 of the Complaint.

### 73.

Defendant denies the allegations in paragraph 73 of the Complaint as stated.

### 74.

Defendant admits that he communicated with co-workers about his future plans, including his intentions to spend more time with family; however, Defendant is without knowledge or information sufficient to admit or deny the specific allegations in paragraph 74 of the Complaint regarding particular emails and/or quoted statements; therefore all remaining allegations in paragraph 74 of the Complaint stand denied.

### 75.

Defendant admits he did not completely retire but denies as stated the remaining allegations in paragraph 75 of the Complaint.

76.

Defendant admits that he communicated with co-workers about his future plans, including his intentions to forward mis-directed dealer communications to the Company; however, Defendant is without knowledge or information sufficient to admit or deny the specific allegations in paragraph 76 of the Complaint regarding particular emails and/or quoted statements; therefore all remaining allegations in paragraph 76 of the Complaint stand denied.

77.

Defendant denies the allegations in paragraph 77 of the Complaint as stated.

78.

Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 78 of the Complaint; therefore such allegations stand denied.

79.

Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 79 of the Complaint as to what ABIC "discovered" and/or what ABIC would have done; therefore, such allegations in paragraph 79 of the Complaint stand denied. Further, Defendant denies the underlying factual allegations set forth in paragraph 79 of the Complaint.

## COUNT I
## [Alleged] Breach of Contract Against Absher by AFAS (the Confidentiality Agreement)

### 80.

Defendant incorporates its answers to Paragraphs 1 through 79 as if fully set forth herein.

### 81.

The allegations in paragraph 81 of the Complaint call for legal conclusions; therefore, no response is required. Moreover, paragraph 81 of the Complaint refers to the so-called "Employment Agreement", which appears to be a term Plaintiffs intended to define, but there is no definition provided in the Complaint, and it is not otherwise readily apparent what "Employment Agreement" refers to. Therefore, Defendant denies the allegations in paragraph 81 of the Complaint as stated.

### 82.

The allegations in paragraph 82 of the Complaint call for legal conclusions; therefore, no response is required. Moreover, paragraph 82 of the Complaint refers to the so-called "Employment Agreement", which appears to be a term Plaintiffs intended to define, but there is no definition for this term, and it is not otherwise readily apparent what "Employment Agreement" refers to. Therefore, Defendant denies the allegations in paragraph 82 of the Complaint as stated.

83.

Defendant denies the allegations in paragraph 83 of the Complaint.

84.

Defendant denies the allegations in paragraph 84 of the Complaint.

85.

Defendant denies the allegations in paragraph 85 of the Complaint.

86.

Defendant denies the allegations in paragraph 86 of the Complaint.

## COUNT II – BREACH OF CONTRACT
**[Alleged] Breach of Contract Against Absher by ABIC (the Consulting Agreement)**

87.

Defendant incorporates its answers to Paragraphs 1 through 86 as if fully set forth herein.

88.

The allegations in paragraph 88 of the Complaint call for legal conclusions; therefore, no response is required. To the extent a response is required, Defendant admits he signed the Consulting Agreement, which agreement speaks for itself, and denies any remaining allegations in paragraph 88 of the Complaint.

89.

The allegations in paragraph 89 of the Complaint call for legal conclusions;

therefore, no response is required.

90.

Defendant denies the allegations in paragraph 90 of the Complaint.

91.

Defendant denies the allegations in paragraph 91 of the Complaint.

## COUNT III

**[Alleged] Violation of the Georgia Trade Secrets Act, O.C.G.A. § 10-1-760, *et seq*. Against Absher by ABIC and AFAS**

92.

Defendant incorporates its answers to Paragraphs 1 through 91 as if fully set forth herein.

93.

Defendant denies the allegations in paragraph 93 of the Complaint.

94.

Defendant denies the allegations in paragraph 94 of the Complaint.

95.

Defendant denies the allegations in paragraph 95 of the Complaint.

96.

Defendant denies the allegations in paragraph 96 of the Complaint.

97.

Defendant denies the allegations in paragraph 97 of the Complaint.

98.

Defendant denies the allegations in paragraph 98 of the Complaint.

99.

Defendant denies the allegations in paragraph 99 of the Complaint.

## COUNT IV
### [Alleged] Fraud Against Absher by ABIC and AFAS

100.

Defendant incorporates its answers to Paragraphs 1 through 99 as if fully set forth herein.

101.

Defendant denies the allegations in paragraph 101 of the Complaint.

102.

Defendant denies the allegations in paragraph 102 of the Complaint.

103.

Defendant denies the allegations in paragraph 103 of the Complaint.

104.

Defendant denies the allegations in paragraph 104 of the Complaint.

105.

Defendant denies the allegations in paragraph 105 of the Complaint.

106.

Defendant denies the allegations in paragraph 106 of the Complaint.

107.

Defendant denies the allegations in paragraph 107 of the Complaint.

## COUNT V
### Attorney's Fees Against Absher by ABIC and AFAS

108.

Defendant incorporates its answers to Paragraphs 1 through 107 as if fully set forth herein.

109.

Defendant denies the allegations in paragraph 109 of the Complaint.

110.

Defendant denies the allegations in paragraph 110 of the Complaint.

111.

Defendant denies the allegations in paragraph 111 of the Complaint.

112.

Defendant denies the allegations in paragraph 112 of the Complaint.

## COUNT VI
### Punitive Damages Against Absher by ABIC and AFAS

113.

Defendant incorporates its answers to Paragraphs 1 through 112 as if fully set forth herein.

114.

Defendant denies the allegations in paragraph 114 of the Complaint.

115.

Defendant denies the allegations in paragraph 115 of the Complaint.

## COUNT VII
### Injunctive Relief Against Absher by ABIC and AFAS

116.

Defendant incorporates its answers to Paragraphs 1 through 115 as if fully set forth herein.

117.

Defendant denies the allegations in paragraph 117 of the Complaint.

118.

Defendant denies the allegations in paragraph 118 of the Complaint.

119.

Defendant denies the allegations in paragraph 119 of the Complaint.

120.

Defendant denies the allegations in paragraph 120 of the Complaint.

121.

Defendant denies the allegations in paragraph 121 of the Complaint.

122.

Defendant denies the allegations in paragraph 122 of the Complaint.

## DEMAND FOR JURY TRIAL

Defendant demands a jury on all issues so triable.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court grant the following relief:

a)  That the Complaint be dismissed with prejudice, casting all costs against Plaintiffs;

b)  That judgment be entered against Plaintiffs and in favor of Defendant;

c)  That Defendant be awarded costs, attorneys' fees, and expenses in defending the Complaint; and

d)  For such other and further relief as the Court deems just, proper, and equitable under the circumstances.

This 13th day of August, 2024.

BERMAN FINK VAN HORN P.C.

By:   */s/ Daniel H. Park*
Daniel H. Park
Georgia Bar No. 930188
dpark@bfvlaw.com
Brett A. Switzer
Georgia Bar No. 554141
bswitzer@bfvlaw.com
COUNSEL FOR DEFENDANT
JOHN ABSHER

3475 Piedmont Road, NE
Suite 1640
Atlanta, Georgia 30305-6400
(404) 261-7711
(404) 233-1943 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEFENDANT JOHN ABSHER'S ANSWER AND AFFIRMATIVE DEFENSES** was served upon the following parties with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Nathan D. Chapman, Esq.
Shawna M. Miller, Esq.
KABAT CHAPMAN & OZMER LLP
171 17th Street, NW
Suite 1550
Atlanta, Georgia 30363
nchapman@kcozlaw.com
smiller@kcozlaw.com
*Counsel for Plaintiffs*

This 13th day of August, 2024.

BERMAN FINK VAN HORN P.C.

By: */s/ Daniel H. Park*
Daniel H. Park
Georgia Bar No. 930188

3475 Piedmont Road, NE          COUNSEL FOR DEFENDANT
Suite 1640                      JOHN ABSHER
Atlanta, Georgia 30305
(404) 261-7711
(404) 233-1943 (Facsimile)