## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **AMERICAN BANKERS INSURANCE** | : | |
| **COMPANY OF FLORIDA, ET. AL.,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE** |
| | : | **NO.:  1:24-cv-02930-VMC** |
| | : | |
| **vs.** | : | |
| | : | |
| **JOHN ABSHER,** | : | |
| | : | |
| **Defendant.** | : | |

### NON-PARTY WANDA CRONIC HOWELL'S WRITTEN OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

COMES NOW, Wanda Cronic Howell, Registered Agent for Cronic Chevrolet, Buick, GMC, Inc. d/b/a Cronic Automotive ("Cronic")[1], and Non-party in the above-styled action, and files this, Cronic's written objection to Plaintiff American Bankers Insurance Company of Florida, et. al.'s ("Plaintiff) Subpoena To Produce Documents, Information, or Objects or To Permit Inspection of Premises In A Civil Action ("Subpoena"), pursuant to USCS Fed Rules Civ Proc R 45(2)(B)  by showing the Court the following:

### I. GENERAL OBJECTIONS TO SUBPEONA

---

[1] Cronic's corporate name is now "Chronic Chevrolet GMC, Inc."

Cronic objects to the Plaintiff's Subpoena as a whole because Plaintiff has not allowed a reasonable for Cronic to comply with this request. Despite the date of the Subpoena being August 9, 2024, Plaintiff "served" Cronic with this subpoena no earlier than Monday, August 26, 2024, with a response due date of 10:00 AM Friday, August 29, 2024. That short time frame for production, when considering the sheer amount of potentially responsive documents commanded, is clearly unreasonable. Thus, Plaintiff's Subpoena is in violation of the reasonable compliance time requirement of Fed. R. Civ. P. 45(3)(A)(1).

Cronic further objects to the Plaintiff's Subpoena as a whole, because Plaintiff is in clear violation of Fed. R. Civ. P. 45(b)(1) for failing to serve the Subpoena directly to Ms. Cronic Howell. Plaintiff's process server did not serve Ms. Wanda Cronic Howell, directly. Rather, the Subpoena was hand delivered to a receptionist at Cronic's Chevrolet Dealership without explanation as to who the server of process was; what function they were performing; who the Subpoena was directed to/for, i.e., Ms. Howell; or what the documents served/delivered were. Ms. Howell, serving as Registered Agent, is the person to whom the Subpoena was directed. This is made evident by the "To:" line of the Subpoena itself, as well as the cover letter accompanying the Subpoena from Plaintiff's attorneys and addressed to Ms. Howell. Thus, Ms. Howell is the only person that the Subpoena could be served upon. By delivering, e.g. not serving, the Subpoena to the dealership front desk, Plaintiff failed

to comply with Rule 45(b)(1), which clearly states: "Serving a subpoena requires delivering a copy to the named person." (emphasis added) See Fed. R. Civ. P. 45(b)(1).

## II. CRONIC'S OBJECTIONS/RESPONSES TO INDIVIDUAL REQUESTS

1.     All DOCUMENTS that EVIDENCE, REFLECT, or REFERE OR RELATE TO any COMMUNICATIONS YOU have had with ABSHER about ASSURANT, including without limitation, YOUR business dealings with ASSURANT, ABSHER'S consulting relationship with ASSURANT, and the termination thereof.

**OBJECTIONS/RESPONSE:  Cronic objects to Request No. 1 on the following grounds:**

**First, Cronic objects to the request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, contrary to Fed. R. Civ. P. 26(b)(1).**

**Second, the request imposes and undue burden and expense upon Chronis, contract to Fed. R. Civ. P. 45 (d)(1) due to sheer amount of "documents" demand, as defined in Exhibit A of the Plaintiff's Subpoena (hereto attached, and incorporated by reference herein, as Exhibit "1"). Under the Plaintiff's overly broad definition of responsive documents, even limiting the period of relevance to March 1, 2023 and forward, Plaintiff has commanded a search and production of documents going back nearly eighteen (18) months.**

Such a search and production would be unduly burdensome and expensive, especially given the unreasonably short time frame commanded by Plaintiff.

2.      All DOCUMENTS that EVIDENCE, REFLECT, or REFER OR RELATE TO any COMMUNICATIONS YOU have had with ABSHER about NAC, including without limitation, YOUR business dealings with  NAC or ABSHER'S business relationship with NAC.

**OBJECTIONS/RESPONSE:  Cronic objects to Request No. 2 on the following grounds:**

**First, Cronic objects to the request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, contrary to Fed. R. Civ. P. 26(b)(1).**

**Second, the request imposes and undue burden and expense upon Chronis, contract to Fed. R. Civ. P. 45 (d)(1) due to sheer amount of "documents" demand, as defined in Exhibit A of the Plaintiff's Subpoena (hereto attached, and incorporated by reference herein, as Exhibit "1"). Under the Plaintiff's overly broad definition of responsive documents, even limiting the period of relevance to March 1, 2023 and forward, Plaintiff has commanded a search and production of documents going back nearly eighteen (18) months. Such a search and production would be unduly burdensome and expensive, especially given the unreasonably short time frame commanded by Plaintiff.**

3.    All DOCUMENTS that EVIDENCE, REFLECT, or REFER OR RELATE TO any COMMUNICATIONS YOU have had with ABSHER about CAPITAL DEALER SERVICES, including without limitation, YOUR business dealings with CAPITAL DEALER SERVICES or ABSHER's involvement or affiliation with CAPITAL DEALER SERVICES.

**OBJECTIONS/RESPONSE:  Cronic objects to Request No. 3 on the following grounds:**

**First, Cronic objects to the request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, contrary to Fed. R. Civ. P. 26(b)(1).**

**Second, the request imposes and undue burden and expense upon Chronis, contract to Fed. R. Civ. P. 45 (d)(1) due to sheer amount of "documents" demand, as defined in Exhibit A of the Plaintiff's Subpoena (hereto attached, and incorporated by reference herein, as Exhibit "1"). Under the Plaintiff's overly broad definition of responsive documents, even limiting the period of relevance to March 1, 2023 and forward, Plaintiff has commanded a search and production of documents going back nearly eighteen (18) months. Such a search and production would be unduly burdensome and expensive, especially given the unreasonably short time frame commanded by Plaintiff.**

4.    All DOCUMENTS that EVIDENCE, REFLECT, or REFER OR RELATE TO any COMMUNICATIONS YOU have had with FERGUSON about ASSURANT, including without limitation, YOUR business dealings with ASSURANT.

**OBJECTIONS/RESPONSE:  Cronic objects to Request No. 4 on the following grounds:**

**First, Cronic objects to the request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, contrary to Fed. R. Civ. P. 26(b)(1).**

**Second, the request imposes and undue burden and expense upon Chronis, contract to Fed. R. Civ. P. 45 (d)(1) due to sheer amount of "documents" demand, as defined in Exhibit A of the Plaintiff's Subpoena (hereto attached, and incorporated by reference herein, as Exhibit "1"). Under the Plaintiff's overly broad definition of responsive documents, even limiting the period of relevance to March 1, 2023 and forward, Plaintiff has commanded a search and production of documents going back nearly eighteen (18) months. Such a search and production would be unduly burdensome and expensive, especially given the unreasonably short time frame commanded by Plaintiff.**

5.     All DOCUMENTS that EVIDENCE, REFLCET, or REFER OR RELATE TO any COMMUNICATION YOU have had with FERGUSON about NAC, including without limitation, YOUR business dealings with NAC.

**OBJECTIONS/RESPONSE:  Cronic objects to Request No. 5 on the following grounds:**

**First, Cronic objects to the request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, contrary to Fed. R. Civ. P. 26(b)(1).**

**Second, the request imposes and undue burden and expense upon Chronis, contract to Fed. R. Civ. P. 45 (d)(1) due to sheer amount of "documents" demand, as defined in Exhibit A of the Plaintiff's Subpoena (hereto attached, and incorporated by reference herein, as Exhibit "1"). Cronic has done business with companies represented by the named Defendant, John Ashber, as well as the other entities named in Exhibit "A", for collectively, many years. As a result, under the Plaintiff's overly broad definition of responsive documents.**

6.     All DOCUMENTS that EVIDENCE, REFLECT, or REFER OR RELATE TO any COMMUNICATION YOU have had with FERGUSON about CAPITAL DEALING SERVICES, including without limitation, YOUR business dealings with

CAPITAL DEALER SERVICES or FERGUSON'S involvement or affiliation with CAPITAL DEALER SERVICES.

**OBJECTIONS/RESPONSE: Cronic objects to Request No. 6 on the following grounds:**

**First, Cronic objects to the request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, contrary to Fed. R. Civ. P. 26(b)(1).**

**Second, the request imposes and undue burden and expense upon Chronis, contract to Fed. R. Civ. P. 45 (d)(1) due to sheer amount of "documents" demand, as defined in Exhibit A of the Plaintiff's Subpoena (hereto attached, and incorporated by reference herein, as Exhibit "1"). Under the Plaintiff's overly broad definition of responsive documents, even limiting the period of relevance to March 1, 2023 and forward, Plaintiff has commanded a search and production of documents going back nearly eighteen (18) months. Such a search and production would be unduly burdensome and expensive, especially given the unreasonably short time frame commanded by Plaintiff.**

7.      All DOCUMENTS that EVIDENCE, REFLECT, or REFER OR RELATE TO any COMMUNICATIONS YOU have had with FERGUSON about ABSHER, including without limitation, ABSHER's consulting relationship with ASSURANT,

ABSHER's clients or customers at ASSURANT, or ABSHER'S business relationship with NAC or CAPITAL DEALER SERVICES.

**OBJECTIONS/RESPONSE: Cronic objects to Request No. 7 on the following grounds:**

**First, Cronic objects to the request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, contrary to Fed. R. Civ. P. 26(b)(1).**

**Second, the request imposes and undue burden and expense upon Chronis, contract to Fed. R. Civ. P. 45 (d)(1) due to sheer amount of "documents" demand, as defined in Exhibit A of the Plaintiff's Subpoena (hereto attached, and incorporated by reference herein, as Exhibit "1"). Under the Plaintiff's overly broad definition of responsive documents, even limiting the period of relevance to March 1, 2023 and forward, Plaintiff has commanded a search and production of documents going back nearly eighteen (18) months. Such a search and production would be unduly burdensome and expensive, especially given the unreasonably short time frame commanded by Plaintiff.**

8.     All DOCUMENTS that EVIDENCE, REFLECT, or REFER OR RELATE TO any COMMUNICATIONS YOU have had with THOMPSON about ASSURANT, including without limitation, YOUR business dealings with ASSURANT.

**OBJECTIONS/RESPONSE:  Cronic objects to Request No. 8 on the following grounds:**

First, Cronic objects to the request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, contrary to Fed. R. Civ. P. 26(b)(1).

Second, the request imposes and undue burden and expense upon Chronis, contract to Fed. R. Civ. P. 45 (d)(1) due to sheer amount of "documents" demand, as defined in Exhibit A of the Plaintiff's Subpoena (hereto attached, and incorporated by reference herein, as Exhibit "1"). Under the Plaintiff's overly broad definition of responsive documents, even limiting the period of relevance to March 1, 2023 and forward, Plaintiff has commanded a search and production of documents going back nearly eighteen (18) months. Such a search and production would be unduly burdensome and expensive, especially given the unreasonably short time frame commanded by Plaintiff.

9.    All DOCUMENTS that EVIDENCE, REFLECT, or REFER OR RELATE TO any COMMUNICATIONS YOU have had with THOMPSON about NAC, including without limitation, YOUR business dealings with NAC.

**OBJECTIONS/RESPONSE:  Cronic objects to Request No. 9 on the following grounds:**

**First,** Cronic objects to the request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, contrary to Fed. R. Civ. P. 26(b)(1).

**Second,** the request imposes and undue burden and expense upon Chronis, contract to Fed. R. Civ. P. 45 (d)(1) due to sheer amount of "documents" demand, as defined in Exhibit A of the Plaintiff's Subpoena (hereto attached, and incorporated by reference herein, as Exhibit "1"). Under the Plaintiff's overly broad definition of responsive documents, even limiting the period of relevance to March 1, 2023 and forward, Plaintiff has commanded a search and production of documents going back nearly eighteen (18) months. Such a search and production would be unduly burdensome and expensive, especially given the unreasonably short time frame commanded by Plaintiff.

10.    All DOCUMENTS that EVIDENCE, REFLECT, or REFER OR RELATION TO any COMMUNICATION YOU have had with THOMPSON about CAPITAL DEALER SERVICES, including without limitation, YOUR business dealings with CAPIRAL DEALER SERVICES or THOMPSON'S involvement or affiliation with CAPITAL DEALER SERVICES.

**OBJECTIONS/RESPONSE:  Cronic objects to Request No. 10 on the following grounds:**

First, Cronic objects to the request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, contrary to Fed. R. Civ. P. 26(b)(1).

Second, the request imposes and undue burden and expense upon Chronis, contract to Fed. R. Civ. P. 45 (d)(1) due to sheer amount of "documents" demand, as defined in Exhibit A of the Plaintiff's Subpoena (hereto attached, and incorporated by reference herein, as Exhibit "1"). Under the Plaintiff's overly broad definition of responsive documents, even limiting the period of relevance to March 1, 2023 and forward, Plaintiff has commanded a search and production of documents going back nearly eighteen (18) months. Such a search and production would be unduly burdensome and expensive, especially given the unreasonably short time frame commanded by Plaintiff.

11.    All DOCUMENTS that EVIDENCE, REFLECT, or REFER OR RELATE TO any COMMUNICATINS YOU have had with THOMPSON about ABSHER, including without limitation, ABSHER's consulting relationship with ASSURANT, ABSHER's clients or customers at ASSURANT, the termination of ABSHER'S consulting relationship with ASSURANT, or ABSHER'S business relationship with NAC or CAPITAL DEALER SERVICES.

OBJECTIONS/RESPONSE:  Cronic objects to Request No. 6 on the following grounds:

**First,** Cronic objects to the request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, contrary to Fed. R. Civ. P. 26(b)(1).

**Second,** the request imposes and undue burden and expense upon Chronis, contract to Fed. R. Civ. P. 45 (d)(1) due to sheer amount of "documents" demand, as defined in Exhibit A of the Plaintiff's Subpoena (hereto attached, and incorporated by reference herein, as Exhibit "1"). Under the Plaintiff's overly broad definition of responsive documents, even limiting the period of relevance to March 1, 2023 and forward, Plaintiff has commanded a search and production of documents going back nearly eighteen (18) months. Such a search and production would be unduly burdensome and expensive, especially given the unreasonably short time frame commanded by Plaintiff.

12.    All DOCUMENTS that EVIDENCE, REFLECT, or REFER OR RELATE TO any COMMUNICATIONS YOU have had with FERGUSON about ASSURANT, including without limitation, YOUR business dealings with ASSURANT.

**OBJECTIONS/RESPONSE:  Cronic objects to Request No. 12 on the following grounds:**

First, Cronic objects to the request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, contrary to Fed. R. Civ. P. 26(b)(1).

Second, the request imposes and undue burden and expense upon Chronis, contract to Fed. R. Civ. P. 45 (d)(1) due to sheer amount of "documents" demand, as defined in Exhibit A of the Plaintiff's Subpoena (hereto attached, and incorporated by reference herein, as Exhibit "1"). Under the Plaintiff's overly broad definition of responsive documents, even limiting the period of relevance to March 1, 2023 and forward, Plaintiff has commanded a search and production of documents going back nearly eighteen (18) months. Such a search and production would be unduly burdensome and expensive, especially given the unreasonably short time frame commanded by Plaintiff.

13. All DOCUMENTS that EVIDENCE, REFLECT, or REFER OR RELATE TO any COMMUNICATIONS YOU have had with NAC about NAC, including without limitation, YOUR business dealings with NAC.

OBJECTIONS/RESPONSE: Cronic objects to Request No. 13 on the following grounds:

First, Cronic objects to the request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, contrary to Fed. R. Civ. P. 26(b)(1).

Second, the request imposes and undue burden and expense upon Chronis, contract to Fed. R. Civ. P. 45 (d)(1) due to sheer amount of "documents" demand, as defined in Exhibit A of the Plaintiff's Subpoena (hereto attached, and incorporated by reference herein, as Exhibit "1"). Under the Plaintiff's overly broad definition of responsive documents, even limiting the period of relevance to March 1, 2023 and forward, Plaintiff has commanded a search and production of documents going back nearly eighteen (18) months. Such a search and production would be unduly burdensome and expensive, especially given the unreasonably short time frame commanded by Plaintiff.

14.   All DOCUMENTS that EVIDENCE, REFLECT, or REFER OR RELATE TO any COMMUNICATIONS YOU have had with NAC about CAPITAL DEALER SERVICES, including without limitation, YOUR business dealings with CAPITAL DEALER SERVICES or FERGUSON'S involvement or affiliation with CAPITAL DEALER SERVICES.

**OBJECTIONS/RESPONSE:  Cronic objects to Request No. 14 on the following grounds:**

First, Cronic objects to the request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, contrary to Fed. R. Civ. P. 26(b)(1).

Second, the request imposes and undue burden and expense upon Chronis, contract to Fed. R. Civ. P. 45 (d)(1) due to sheer amount of "documents" demand, as defined in Exhibit A of the Plaintiff's Subpoena (hereto attached, and incorporated by reference herein, as Exhibit "1"). Under the Plaintiff's overly broad definition of responsive documents, even limiting the period of relevance to March 1, 2023 and forward, Plaintiff has commanded a search and production of documents going back nearly eighteen (18) months. Such a search and production would be unduly burdensome and expensive, especially given the unreasonably short time frame commanded by Plaintiff.

15. All DOCUMENTS that EVIDENCE, REFLECT, or REFER OR RELATE TO any COMMUNICATIONS YOU have had with NAC about ABSHER, including without limitation, ABSHER'S consulting relationship with ASSURANT, ABSHER'S clients or customers at ASSURANT, the termination of ABSHER'S consulting relationship with ASSURANT, or ABSHER'S business relationship with NAC or CAPITAL DEALER SERVICES.

**OBJECTIONS/RESPONSE:** Cronic objects to Request No. 15 on the following grounds:

First, Cronic objects to the request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, contrary to Fed. R. Civ. P. 26(b)(1).

**Second, the request imposes and undue burden and expense upon Chronis, contract to Fed. R. Civ. P. 45 (d)(1) due to sheer amount of "documents" demand, as defined in Exhibit A of the Plaintiff's Subpoena (hereto attached, and incorporated by reference herein, as Exhibit "1"). Under the Plaintiff's overly broad definition of responsive documents, even limiting the period of relevance to March 1, 2023 and forward, Plaintiff has commanded a search and production of documents going back nearly eighteen (18) months. Such a search and production would be unduly burdensome and expensive, especially given the unreasonably short time frame commanded by Plaintiff.**

16.     All DOCUMENTS and COMMUNICATIONS that EVIDENCE, REFLECT, or REFER OR RELATE TO the termination of YOUR business with ASSURANT.

**OBJECTIONS/RESPONSE:  Cronic objects to Request No. 16 on the following grounds:**

**First, Cronic objects to the request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, contrary to Fed. R. Civ. P. 26(b)(1).**

**Second, the request imposes and undue burden and expense upon Chronis, contract to Fed. R. Civ. P. 45 (d)(1) due to sheer amount of "documents" demand, as defined in Exhibit A of the Plaintiff's Subpoena (hereto attached, and incorporated by reference herein, as Exhibit "1"). Under**

the Plaintiff's overly broad definition of responsive documents, even limiting the period of relevance to March 1, 2023 and forward, Plaintiff has commanded a search and production of documents going back nearly eighteen (18) months. Such a search and production would be unduly burdensome and expensive, especially given the unreasonably short time frame commanded by Plaintiff.

17.     All DOCUMENTS and COMMUNICATIONS that EVIDENCE, REFLECT, or REFER OR RELATE TO the transfer of YOUR business to NAC.

**OBJECTIONS/RESPONSE:  Cronic objects to Request No. 17 on the following grounds:**

First, Cronic objects to the request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, contrary to Fed. R. Civ. P. 26(b)(1).

Second, the request imposes and undue burden and expense upon Chronis, contract to Fed. R. Civ. P. 45 (d)(1) due to sheer amount of "documents" demand, as defined in Exhibit A of the Plaintiff's Subpoena (hereto attached, and incorporated by reference herein, as Exhibit "1"). Under the Plaintiff's overly broad definition of responsive documents, even limiting the period of relevance to March 1, 2023 and forward, Plaintiff has commanded a search and production of documents going back nearly eighteen (18) months.

**Such a search and production would be unduly burdensome and expensive, especially given the unreasonably short time frame commanded by Plaintiff.**

18.     All DOCUMENTS that EVIDENCE, REFLECT, or REFER OR RELATE TO CAPITAL DEALER SERVICES.

**OBJECTIONS/RESPONSE:  Cronic objects to Request No. 18 on the following grounds:**

**First, Cronic objects to the request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, contrary to Fed. R. Civ. P. 26(b)(1).**

**Second, the request imposes and undue burden and expense upon Chronis, contract to Fed. R. Civ. P. 45 (d)(1) due to sheer amount of "documents" demand, as defined in Exhibit A of the Plaintiff's Subpoena (hereto attached, and incorporated by reference herein, as Exhibit "1"). Under the Plaintiff's overly broad definition of responsive documents, even limiting the period of relevance to March 1, 2023 and forward, Plaintiff has commanded a search and production of documents going back nearly eighteen (18) months. Such a search and production would be unduly burdensome and expensive, especially given the unreasonably short time frame commanded by Plaintiff.**

19.     ALL DOCUMENTS and COMMUNICATION that REFER OR RELATE TO ASSURANT that YOU SENT to ABSHER.

**OBJECTIONS/RESPONSE:  Cronic objects to Request No. 19 on the following grounds:**

First, Cronic objects to the request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, contrary to Fed. R. Civ. P. 26(b)(1).

Second, the request imposes and undue burden and expense upon Chronis, contract to Fed. R. Civ. P. 45 (d)(1) due to sheer amount of "documents" demand, as defined in Exhibit A of the Plaintiff's Subpoena (hereto attached, and incorporated by reference herein, as Exhibit "1"). Under the Plaintiff's overly broad definition of responsive documents, even limiting the period of relevance to March 1, 2023 and forward, Plaintiff has commanded a search and production of documents going back nearly eighteen (18) months. Such a search and production would be unduly burdensome and expensive, especially given the unreasonably short time frame commanded by Plaintiff.

20.    ALL DOCUMENTS and COMMUNICATION that REFER OR RELATE TO ASSURANT that YOU RECEIVED from ABSHER.

**OBJECTIONS/RESPONSE:  Cronic objects to Request No. 20 on the following grounds:**

First, Cronic objects to the request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, contrary to Fed. R. Civ. P. 26(b)(1).

Second, the request imposes and undue burden and expense upon Chronis, contract to Fed. R. Civ. P. 45 (d)(1) due to sheer amount of "documents" demand, as defined in Exhibit A of the Plaintiff's Subpoena (hereto attached, and incorporated by reference herein, as Exhibit "1"). Under the Plaintiff's overly broad definition of responsive documents, even limiting the period of relevance to March 1, 2023 and forward, Plaintiff has commanded a search and production of documents going back nearly eighteen (18) months. Such a search and production would be unduly burdensome and expensive, especially given the unreasonably short time frame commanded by Plaintiff.

21.    ALL DOCUMENTS and COMMUNICATION that REFER OR RELATE TO ASSURANT that YOU SENT to ABSHER.

**OBJECTIONS/RESPONSE:  Cronic objects to Request No. 21 on the following grounds:**

First, Cronic objects to the request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, contrary to Fed. R. Civ. P. 26(b)(1).

Second, the request imposes and undue burden and expense upon Chronis, contract to Fed. R. Civ. P. 45 (d)(1) due to sheer amount of "documents" demand, as defined in Exhibit A of the Plaintiff's Subpoena (hereto attached, and incorporated by reference herein, as Exhibit "1"). Under the Plaintiff's overly broad definition of responsive documents, even limiting the period of relevance to March 1, 2023 and forward, Plaintiff has commanded a search and production of documents going back nearly eighteen (18) months. Such a search and production would be unduly burdensome and expensive, especially given the unreasonably short time frame commanded by Plaintiff.

22.    ALL DOCUMENTS and COMMUNICATION of ASSURANT that YOU RECEIVED from ASSURANT.

**OBJECTIONS/RESPONSE:** Cronic objects to Request No. 6 on the following grounds:

First, Cronic objects to the request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, contrary to Fed. R. Civ. P. 26(b)(1).

Second, the request imposes and undue burden and expense upon Chronis, contract to Fed. R. Civ. P. 45 (d)(1) due to sheer amount of "documents" demand, as defined in Exhibit A of the Plaintiff's Subpoena (hereto attached, and incorporated by reference herein, as Exhibit "1"). Under

the Plaintiff's overly broad definition of responsive documents, even limiting the period of relevance to March 1, 2023 and forward, Plaintiff has commanded a search and production of documents going back nearly eighteen (18) months. Such a search and production would be unduly burdensome and expensive, especially given the unreasonably short time frame commanded by Plaintiff.

This 29th day of August, 2024.

BECK, OWEN & MURRAY
Attorneys for Respondent


/s/ JOHN T. O'NEAL
Karl P. Broder
Ga. State Bar No. 185273
John T. O'Neal
Ga. State Bar No. 822618

100 South Hill Street – Suite 600
Griffin, Georgia 30223
770-227-4000 (tel.)
770-229-8524 (fax)
kbroder@beckowen.com
joneal@beckowen.com

## **LOCAL RULE 5.1C CERTIFICATION**

By signature below, counsel certifies that the foregoing pleading was prepared

in Times New Roman, 14-point font in compliance with Local Rule 5.1C.

Respectfully submitted this 29th day of August, 2024.

BECK, OWEN & MURRAY
Attorneys for Respondent

/s/ JOHN T. O'NEAL
Karl P. Broder
Ga. State Bar No. 185273
John T. O'Neal
Ga. State Bar No. 822618

100 South Hill Street – Suite 600
Griffin, Georgia 30223
770-227-4000 (tel.)
770-229-8524 (fax)
kbroder@beckowen.com
joneal@beckowen.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served this pleading via CM/ECF, which

I HEREBY CERTIFY that I have electronically filed and served the foregoing

Response via U.S. Mail and Email as follows:

KABAT CHAPMAN & OZMER, LLP
c/o Shawna M. Miller
171 17th Street NW
Suite 1550
Atlanta, GA 30363
smiller@kcozlaw.com

    This 29th day of August, 2024.

                BECK, OWEN & MURRAY
                Attorneys for Respondent


                //s/ JOHN T. O'NEAL
                Karl P. Broder
                Ga. State Bar No. 185273
                John T. O'Neal
                Ga. State Bar No. 822618

100 South Hill Street – Suite 600
Griffin, Georgia 30223
770-227-4000 (tel.)
770-229-8524 (fax)
kbroder@beckowen.com
joneal@beckowen.com