# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

**EXHIBIT 1**

American Bankers Ins. Co. of Florida, et al.
*Plaintiff*
v.
John Absher
*Defendant*

Civil Action No. 1:24-cv-02930-VMC

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: T-Mobile - Subpoena Compliance Department
Fax (973) 292-8697

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit "A" attached hereto.

| Place: Directly to the Undersigned Counsel Electronically | Date and Time: 07/23/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/26/2025

*CLERK OF COURT*

OR

_____          s/ Nathan D. Chapman
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* American Bankers Ins. Co. of Florida and American Financial & Automotive Services, Inc. , who issues or requests this subpoena, are:
Nathan D. Chapman, Kabat Chapman & Ozmer, 171 17th St., #1550, Atlanta GA 30363
Email: nchapman@kcozlaw.com, Tel: 404-400-7300

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-02930-VMC

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

 ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

 ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____       _____
                        *Server's signature*

                        _____
                        *Printed name and title*

                        _____
                        *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A – T MOBILE DOCUMENT SUBPOENA

Under Rules 26 and 45 of the Federal Rules of Civil Procedure, Plaintiffs American Bankers Insurance Company of Florida and American Financial & Automotive Services, Inc. ("Assurant" or "Plaintiffs"), requests T Mobile ("T Mobile") produce for inspection and copying the documents and things requested below. These requests, and the terms used herein, shall be construed to require the fullest and most complete disclosure permitted by the Federal Rules of Civil Procedure.

## I. INSTRUCTIONS

1. Respond to each Request separately by listing the materials and describing them as defined below. If the material is numbered or labeled for production, provide information that identifies the material and the material's number or label in each response.

2. Produce documents and tangible things in the forms as they are kept in the ordinary course of business or organize and number or label them to correspond with the categories in the discovery requests.

3. If, following a reasonable search, you cannot locate responsive documents, please state as such in compliance with the Federal Rules of Civil Procedure.

4. These requests encompass print materials as well as emails and all other forms and manifestations of electronically stored and/or retrieved electronic information. Consistent with your obligations under the Federal Rules of Civil Procedure, these requests encompass any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation and/or transcription by the responding party into a reasonably usable form or any designated tangible things.

5. Produce electronically stored information in native format, single-page searchable Adobe Tagged Image File Format (TIFF), or searchable Adobe Portable Document Format (PDF). For documents that cannot be converted into TIFF or PDF, notify Plaintiff of your intended form of production as is either reasonably usable or as it is ordinarily kept.

6. If objecting to a Request, state the objection with particularity and provide specific grounds for the objection.

7. For any materials you assert are privileged, protected, or otherwise exempt from discovery, you must (i) state that the information or material responsive to the request has been withheld and (ii) describe the nature of the information or materials not disclosed in a manner that will enable other parties or the Court to assess the validity of the privilege claimed. *See* Fed. R. Civ. P. 26(b)(5)(A).

8. These requests apply to all documents in your possession, custody, or control. Possession, custody, or control does not require that you have actual physical possession. Instead, if you have physical control or a superior right to compel production from another (including, without limitation, having a legal right to obtain, copy, or have access to documents; and documents which you have placed in the temporary possession, custody, or control of any third party), the documents must be produced.

9. You are requested to produce all responsive documents, notwithstanding that Plaintiff or another party may already have some or all of the responsive documents in their possession.

10. Each paragraph below shall operate and be construed independently and, unless otherwise indicated, no paragraph limits the scope of any other paragraph.

11. These requests shall be deemed continuing in nature so as to require prompt, further, and supplemental production whenever you discover any additional document which is determined to be responsive.

12. Some terms are used with specific meanings and instructions. These terms are defined in the Definitions and Abbreviations section below.

## II. REQUESTS FOR PRODUCTION

Records associated with mobile number 850-758-7986, or for the account of Lance Ferguson of Tennessee, for the dates of September 1, 2023 through the present. If the number is not associated with a subscriber on your network you are ordered to process this request as a "Call and Text to Destination" search that is to include all calls, text, text message content, and voicemails.

This request includes:

1. **Call, Text, iMessage, and Data Detail Records:** All records associated with the identified mobile number 850-758-7986, or for the account of Lance Ferguson of Tennessee, to include all numbers that communicate with this listed number relating to all delivered and undelivered inbound and outbound calls, text messages, iMessages, and text message and iMessage content, all voice mail, and all data connections from September 1, 2023 to the present, to include date, time, direction, duration, number called or text to and/or received from, all text message content, and all voicemails.

2. **Electronically Stored Records:** All records associated with the identified mobile number 850-758-7986, or for the account of Lance Ferguson of Tennessee, to include all stored communication or files, including voice mail, text messages, and iMessages, including numbers text to and received from and all related content, e-mail, digital images, or video calling.

3. **Cloud Storage:** Content stored in remote storage or 'cloud' accounts associated with the target device, including but not limited to iMessages, SMS, and MMS messages with associated content including audio, video, and image files, digital images and videos, and files or documents.

4. **Information:** All information for the mobile number 850-758-7986, or for the account of Lance Ferguson of Tennessee, including:

   a. The name of the subscriber.

   b. All numbers associated with the account.

   c. All users authorized on the associated account.

d. Activation date and termination date of each device associated with the account.

e. Types of service the subscriber used.

f Any and all number and/or account number changes prior to and after the cell number was activated.

Such records and other evidence include correspondence and other records of contact by any person or entity about the above-referenced account, the content and connection logs associated with or related to communications and any other activities to or through the above referenced phone number, whether such records or other evidence are in electronic or other form.