IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA and AMERICAN FINANCIAL & AUTOMOTIVE SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN ABSHER, <br><br> Defendant. | Civil Action No. 1:24-cv-02930-vmc |

**DEFENDANT ABSHER'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR FIRST AMENDED COMPLAINT**

Plaintiffs have asked this Court for leave to amend their First Amended Complaint ("FAC") against Defendant John Absher so they can add defendants and new claims even though they have already filed a separate suit which raises those same claims against those very defendants. For that, and other reasons shown below, Defendant Absher opposes the motion and asks the Court to deny Plaintiffs leave to amend their Complaint.

1

## I.     PROCEDURAL BACKGROUND

**A. Plaintiffs Accused Absher Of Misappropriating Their Confidential Information And Trade Secrets To Solicit Customers.**

Plaintiffs filed this suit against Absher on July 1, 2024. (Dkt. 1). Plaintiffs sought relief on a variety of claims arising out of Absher's alleged misappropriation of Plaintiffs' trade secret information. Plaintiffs accused Absher, their former employee, of making misrepresentations to obtain documents containing their alleged trade secret information, sending those documents to a Gmail account, and using their confidential information and trade secrets to solicit customers. (Dkt. 1). Based on these allegations, Plaintiffs initially asserted claims for breach of non-disclosure provisions contained in contractual agreements, violation of the Georgia Trade Secrets Act, as well as fraud. Defendant Absher moved to dismiss the fraud claim (Dkt. 5) and the Court denied the motion without prejudice. (Dkt. 10).

**B. Plaintiffs Represented That There Were No Necessary Parties Who Had Not Been Joined And Acknowledged The Deadlines For Amended And Supplemental Pleadings.**

As required by the local rules, the Parties submitted a Joint Preliminary Report and Discovery Plan ("Joint Preliminary Report") on August 28, 2024, in which Plaintiffs represented to the Court that there were no necessary parties who had not been joined and acknowledged their continuing duty to inform the Court "of any contentions regarding unnamed parties necessary to this action."  (Dkt. 15

2

at ¶¶ 5(a), 5(d)). Plaintiffs also announced an intent to amend the Complaint to drop their fraud claim and acknowledged that "Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15." (Dkt. 15 at ¶ 6). The Joint Preliminary Report also provided that unless otherwise permitted by law, no amendments to the pleadings would be accepted for filing if submitted later than thirty days after the Joint Preliminary Report was filed or should have been filed. (Dkt. 15 at ¶6(b).

The Court reviewed the Joint Preliminary Report and by Order entered August 28, 2024, ordered that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement were as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except that the Parties were granted a six-month discovery track. (Dkt. 16).

### C. By August Of 2024, Plaintiffs' FAC Accused Absher Of Being In Cahoots With Lance Ferguson And Capital Dealer Services Group.

Plaintiffs filed their FAC on August 30, 2024. (Dkt. 18). In the FAC, Plaintiffs alleged that after being told his contract would not be renewed, Absher had wrongfully obtained their confidential information and trade secrets and sent them to his former colleague who was a direct competitor:

> Approximately one month before Absher's Consulting Agreement was set to expire on March 1, 2024, the Company informed Absher that his contract would not be renewed. In response, between February 7 and February 23, 2024, Absher, through subterfuge, requested, obtained, and misappropriated confidential information and trade

secrets belonging to the Company and its automotive dealer clients-information he subsequently sent to ***Lance Ferguson ("Ferguson"), his former AFAS colleague, who now owns and operates Capital Dealer Services Group, LLC ("Capital Dealer Services"), a direct competitor of the Company.***

(Dkt. 18, FAC at ¶5)(Emphasis supplied). Plaintiffs also alleged that Absher "admits he is in business with Ferguson and Capital Dealer Services." (Dkt. 18, FAC at ¶8). Plaintiffs alleged that Absher was, on his own behalf and/or Capital Dealer Services, using the ill-gotten confidential information and trade secrets to "solicit and divert" Plaintiffs' clients away to Plaintiff's competitors. (Id. at ¶10).

### D. Plaintiffs Sued Ferguson And CDSG In Tennessee On September 4, 2024, Dismissed The Suit Without Prejudice On June 27, 2025, And Immediately Refiled In This Court, Before Asking For Leave To Amend.

On September 4, 2024, a week after filing the FAC, Plaintiffs sued Ferguson and CDSG in the United States District Court for the Eastern District of Tennessee. (Dkt. 38-2, fn. 1). In that action, Plaintiffs alleged, inter alia, that their former employee Ferguson had "breached his contract with AFAS, and that Ferguson and CDSG unfairly competed with Plaintiffs, violated the Tennessee Uniform Trade Secrets Act, and violated the Defend Trade Secrets Act." (Id.). Ferguson and CDSG's motion to dismiss was still pending when Plaintiffs dismissed the case without prejudice on June 27, 2025. (Id.).

Plaintiffs then filed suit in the United States District Court for the Northern District of Georgia on July 17, 2025. (Dkt. 39-1). Plaintiffs made no mention of

4

their separate suit in the Third Joint Motion to Extend Discovery that they filed the next day, July 18, 2025, in this case.

Instead, the Third Joint Motion to Extend Discovery recounts the history of the extensive discovery pursued in this case through March 10, 2025, which included written discovery between the parties, twenty-nine subpoenas served on third party car dealerships "who had transferred their business away from Plaintiffs," depositions of some of the dealerships and production of over 25,000 documents from non-parties. (Dkt. 37). The motion also described the approximate 25,000 pages of document produced by the Plaintiffs and Absher as well. Plaintiffs recited that "information obtained from Absher's document production and Absher's recent deposition testimony have led Plaintiffs to believe that there are multiple other individuals who should be defendants in this action with respect to the conduct alleged in the [FAC]." (Dkt. 37 paragraph ).  Nowhere in that motion, however, did Plaintiffs reveal to Absher or this Court that they had already filed a separate action against the "multiple other individuals."  Plaintiffs finally revealed the existence of the separate suit on July 21, 2025, when they filed their motion for leave to amend the FAC, along with their motion to consolidate both actions. (Dkt.  38-39).

      **II.**    **ARGUMENT AND CITATION OF AUTHORITY**

      **A.**    **Plaintiffs Must Satisfy Fed. R. Civ. P. 16, Rule 15 And The Appropriate Rules For Joinder.**

Because Plaintiffs are seeking to amend the FAC after the deadline set by the Court's Scheduling Order, they must first show good cause under Fed. R. Civ. P. 16(b)(4) before the Court considers whether to grant leave to file the proposed Second Amended Complaint ("SAC") under Fed. R. Civ. P. 15(a). Under Fed. R. Civ. P. 16(b)(4), "a schedule may be modified only for good cause and with the judge's consent." Good cause "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension."…*Jimenez v. United States AG*, No. 23-11729, 2025 U.S. App. LEXIS 18028, at *44 (11th Cir. July 21, 2025)(quoting *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998)(good cause not shown). The court may find a lack of diligence and therefore lack of good cause when a party has full knowledge of the facts or could have had knowledge or when it fails to seek the information to determine whether to amend. *Rubio v. Bengal Props., Inc*., No. 24-11043, 2025 U.S. App. LEXIS 1734, at *10-11 (11th Cir. Jan. 27, 2025)(per curiam)(no abuse of discretion in denying tenant leave to add property management group when lease revealed that the company was the landlord's agent).

If and only if the litigant establishes good cause, the Court can consider whether to allow a party to amend its pleading under Fed. R. Civ. P. 15(a)(2) Although the rule directs that that the "court should freely give leave when justice so requires," "granting leave to amend is not automatic." *Faser v. Sears Roebuck &*

6


*Co.*, 674 F.2d 856, 860 (11th Cir. 1982). A district court has "extensive discretion" in deciding whether to grant leave to amend. *Campbell v. Emory Clinic,* 166 F.3d 1157, 1162 (11th Cir. 1999). Courts have considered a variety of factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008)(alteration in original). Having knowledge well before seeking the amendment can be deemed undue delay. *Nat'l Serv. Indus., Inc. v. Vafla Corp*., 694 F.2d 246, 249 (11th Cir. 1982); *Fla. Evergreen Foliage v. E.I. Dupont De Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006)(no abuse of discretion where plaintiff knew about the possibility of a state law RICO claim when it filed its original federal complaint).

Finally, after satisfying Rules 16 and 15, a plaintiff must satisfy the appropriate joinder rules such as Rule 19, 20, or 21. *Trimble v. Emory Healthcare, Inc.,* Civil Action No. 1:20-CV-1469-MLB, 2021 U.S. Dist. LEXIS 67263, 2021 WL 1244864, at *12 (N.D. Ga. Jan. 21, 2021)"

### B.   The Court Should Deny Plaintiffs Leave to Amend.

Plaintiffs argue that the Court should grant them leave to amend. They argue first that good cause exists to allow them to amend the FAC after the deadline set by the Scheduling Order (Dkt. 16) because they exercised great diligence through

7

discovery. Next, they argue that justice requires that this Court grant the motion so that they may "fully vindicate [their] rights which were and continue to be violated by the CDSG Conspiracy." Lastly, they contend that allowing them to add the other alleged conspirators "comports with the liberal joinder standards so that they can bring all claims against them in one action." As shown below, Plaintiffs have not met their burden.

    Plaintiffs contend good cause exists because they "exercised great diligence throughout the extensive discovery in this case." Although Plaintiffs proclaim their diligence and allege Absher concealed the extent of his activities from them, they knew enough to have alleged in the FAC of August 30, 2024, that Absher was in business with Ferguson and CDSG and was using their confidential information and trade secrets to "solicit and divert" Plaintiffs' clients away to Plaintiff's competitors. (Dkt. 18). They were confident enough not only to expand their initial Complaint against Absher, but also to file a separate lawsuit in the federal courts of Tennessee on September 4, 2024 against Ferguson and CDSG. Plaintiffs could not have filed the FAC in this action nor initiated the Tennessee litigation unless they knew or suspected the alleged alliance between Absher, Ferguson and CDSG well before they filed their pleadings. Plaintiffs must have had this knowledge prior to the September 27, 2024, the deadline to amend the pleadings as adopted by the Scheduling Order. (Dkt. 16). Thus, Plaintiffs have not demonstrated

their diligence and therefore have not shown good cause under Fed. R. Civ. P. 16(b)(4). The same undue delay justifies the denial of leave to amend under Fed. R. Civ. P. 15(a).

Plaintiffs also argue that "justice requires" granting them leave to amend so they may fully vindicate their rights. This justification rings false as Plaintiffs have already filed suit separately against the very same defendants on the very same theories that they wish to add in this suit. The fact that Plaintiffs envisioned another way to obtain relief without amending the FAC shows that justice does not require that the Court's leave to amend.

Despite Plaintiffs' proclamations to the contrary, they have not shown that the proposed SAC would not result in undue delay, nor that the motion was not made in bad faith or that they lacked a dilatory motive. Plaintiffs' sudden shift from Tennessee to Georgia, while a motion to dismiss was still pending, suggests forum shopping. While Plaintiffs' discount any thought of prejudice to Absher, they are now seeking to bring sweeping civil Rico claims that will allow them to paint with the broadest brush possible to hold Absher liable for the alleged independent actions of Defendants Ferguson, Moore, Jackson and CDSG. (Dkt. 38-1, Proposed SAC ¶¶'s 47, 51, 58; and 58).

Finally, while joinder may generally be encouraged, the parties to be joined must be interested in claims arising out of the same transaction or occurrence or

9

series of transactions or occurrences, and all the parties to be joined must share in common at least one question of law or fact under Fed. R. Civ. P. 20. See generally, *Smith v. Owens*, 625 F. App'x 924, 928 (11th Cir. 2015)(Inmate alleged a variety of unrelated claims against different corrections officers, arising out of different events and occurring on different dates*); Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674 (6th Cir. 1988)(District Court did not abuse its discretion in determining that certain defendants were misjoined under Rule 20 in civil RICO case where loan transactions forming basis for claims against misjoined defendants were wholly unrelated to other matters as issue in case, various transactions involved different banks, different contracts and different terms).

    Here, the proposed SAC conveniently alleges that every action was part of a grand conspiracy against it, it alleges breaches of different contracts (Count VI- Breach of Contract Against Defendant Ferguson by Plaintiff AFAS, Count VII- Breach of Contract Against Defendant Moore by ABIC (the Consulting Agreement) Count VIII- Breach of Contract Against Defendant Moore by ABIC (the Confidentiality Agreement), a breach of fiduciary duty only against Defendant Jackson (Count II) along with different levels of participation- direct and indirect- in alleged crimes and torts against Plaintiffs (Counts III, IV, and V).  Plaintiffs have not established that joinder is proper.

### III. CONCLUSION

Plaintiffs have litigated against Plaintiff separately for over a year. Nearly a year has passed since they alleged in this suit that Plaintiff was working with Defendant Ferguson and CDSG against them and since they separately pursued Defendant Ferguson and CDSG in Tennessee. They even filed another separate suit before seeking leave to amend the FAC.

For all reasons shown, the Court should deny Plaintiffs leave to amend the FAC.

Dated: August 4, 2025

<div style="text-align: right;">

*/s/J. Bertram Levy*
Louis R. Cohan
Georgia Bar No. 173357
J. Bertram Levy
Georgia Bar No. 449609
COHAN & LEVY
3340 Peachtree Road, N.E.
Tower 100, Suite 2570
Atlanta, Georgia 30326
Tel: (404) 891-1770
Fax: (404) 891-5094
lcohan@cohanlevy.com
blevy@cohanlevy.com

*Attorneys for Defendant John Absher*

</div>

## **RULE 7.1(D) CERTIFICATE OF COMPLIANCE**

The undersigned counsel certifies that this document has been prepared with one of the fonts and point selections approved by the Court in Local Rule 5.1(C).

Dated: August 4, 2025.

<div style="text-align: right;">

*/s/ J. Bertram Levy*
J. Bertram Levy

</div>

## CERTIFICATE OF SERVICE

This certifies that I have this day filed the foregoing DEFENDANT ABSHER'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR FIRST AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record.

*Nathan D. Chapman*
*C. Celeste Creswell*
*Shawna M. Miller*
*Robert G. Wright*
KABAT CHAPMAN & OZMER LLP
171 17th Street, NW
Suite 1550
Atlanta, Georgia 30363
nchapman@kcozlaw.com
ccreswell@kcozlaw.com
smiller@kcozlaw.com
rwright@kcozlaw.com

Dated: August 4, 2025

/s/ J. Bertram Levy
J. Bertram Levy