# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA and AMERICAN FINANCIAL & AUTOMOTIVE SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN ABSHER, <br><br> Defendant. | Civil Action No. 1:24-cv-02930 |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONSOLIDATION UNDER RULE 42

### I. INTRODUCTION.

Defendant John Absher's ("Defendant") three-page response (Doc. 43) to Plaintiffs' Motion For Consolidation (Doc. 39) (the "Motion") essentially concedes that all of the relevant factors favoring consolidation are met here. Defendant instead asks the Court to deny the Motion without prejudice as premature, but he fails to make a single valid argument in support of that outcome. Indeed, the Court can decide the motion whenever it concludes that it has sufficient information to do so, and it need not deny it without prejudice. Accordingly, the Court should grant Plaintiffs' Motion and order the following cases consolidated: N.D. Ga. Case. No.

1:24-cv-02930 (the "*Absher*" case) and N.D. Ga. Case. No. 1:25-cv-3981 (the "*Ferguson*" case).

### III. MEMORANDUM OF LAW.

### A. <u>Absher Concedes Consolidation is Appropriate, Albeit Premature.</u>

Plaintiffs' opening brief argued that consolidation of the *Absher* and *Ferguson* matters is appropriate, applying the pertinent factors, because: (1) there is no question that *Absher* and *Ferguson* involve the same "common questions of law [and] fact" under Federal Rule of Civil Procedure 42(a); (2) consolidation will eliminate confusion and the risk of inconsistent adjudications while causing no prejudice; (3) the two cases proceeding in parallel would waste the resources of all involved; (4) a single consolidated lawsuit would take less time overall to conclude; and (5) multiple redundant trials would be dramatically more expensive. (*See* Doc. 39-1 (collecting cases).) Indeed, the Complaint in *Ferguson* and the proposed consolidated Second Amended Complaint in *Absher* are essentially identical. *Compare Absher* Doc. 38-1 (*Absher* Complaint) *with Ferguson* Doc. 1 (*Ferguson* Complaint).

Defendant did not address these points whatsoever in his brief—much less dispute them—and he thereby abandoned any arguments to the contrary. (*See generally* Doc. 43); *Singh v. Royal Caribbean Cruises Ltd.*, 576 F. Supp. 3d 1166, 1192 (S.D. Fla. 2021) ("Generally, when a party fails to respond to an argument or

otherwise address a claim, the Court deems such an argument or claim abandoned." (cleaned up)). Defendant has further conceded the interrelatedness of *Absher* and *Ferguson* and the need to coordinate the cases by consenting to the recently filed Joint Motion to Stay Discovery (Doc. 40), in which the Defendant agrees that a stay of discovery in this case is appropriate "until discovery commences in the *Ferguson* case," as doing so will "promote the efficient resolution of the claims," "reduce the costs of litigation," and "prevent[] the Parties from taking duplicative depositions across both matters." (*See* Doc. 40.) Accordingly, the Court should grant Plaintiffs' Motion for all the reasons discussed therein.

B. <u>**Consolidation is Not Premature.**</u>

Rather than opposing consolidation on the merits, Defendant posits that "the Court should not rule at this time" because consolidation is somehow "premature." (Doc. 43 at 2.) Defendant's arguments in support are unavailing. **First**, Defendant cites no requirement that Plaintiffs should have "attach[ed] a copy of the [*Ferguson* complaint]" to their consolidation motion, and Plaintiffs assume the Court can readily access the dockets of its own cases. (*See id*.) In any event, this is not a reason to deny Plaintiffs' Motion as premature.

**Second**, the question whether the Court has personal jurisdiction over the *Ferguson* defendants is not an obstacle to consolidation. To the contrary, the Court can decide those jurisdictional questions just as easily after consolidation. *See, e.g.*,

*Gainor v. Bryan Holdings, LLC*, No. 06-21748-CIV, 2009 WL 10668297, at *1 (S.D. Fla. Sept. 2, 2009) (granting consolidation motion and "reserv[ing] judgment regarding whether the amended complaint succeeds in establishing personal jurisdiction . . ."). Moreover, because all defendants were involved in the same conspiracy against Plaintiffs in Georgia, the Court has personal jurisdiction over them in any event. *See* O.C.G.A. § 9-10-91; *Hyperdynamics Corp. v. Southridge Cap. Mgmt., LLC*, 699 S.E.2d 456, 466–67 (Ga. App. 2010).

*Third*, the cases Defendant cites in support of his prematurity argument are plainly inapplicable here. *Freedom Marine* denied a motion to consolidate as premature in a limitation of liability "LOLA" admiralty suit where "the process of notifying potential claimants has not been completed" and other "petiton[s] seeking exoneration for the accident" were still being filed. *See Petition of Freedom Marine Sales LLC*, No. 8:23-CV-2890-SDM-NHA, 2024 WL 1931320, at *2–3 (M.D. Fla. Apr. 22, 2024), *report and recommendation adopted sub nom. In the Matter of Petition of Freedom Marine Sales LLC*, No. 8:23-CV-2890-SDM-NHA, 2024 WL 4201970 (M.D. Fla. July 23, 2024). The reasoning in *Freedom Marine* was unique to the circumstances of an admiralty case and is not remotely applicable here. *See id.* Defendant also cites a 1961 New York state case that does not mention Federal Rule of Civil Procedure 42 and *denied* separate trials. *See Gothar Allgemeine*

*Versicherung A.G. v. A/S Santa Martha*, 12 A.D.2d 917, 917–18, 210 N.Y.S.2d 610, 610–11 (1961).

**Fourth** and finally, Defendant's arguments regarding the timing of the Court's decision provide no basis to deny it. (*See* Doc. 43 at 3.) The Court can decide the motion when it concludes that it has sufficient information to do so.

## IV. CONCLUSION.

For the foregoing reasons and those set forth in Plaintiffs' opening brief, the Court should consolidate *Absher* and *Ferguson*, and Plaintiffs' proposed Second Amended Complaint should become the operative complaint of the consolidated case.

Dated: August 18, 2025

/s/ *Nathan D. Chapman*
Nathan D. Chapman
Georgia Bar No. 244954
C. Celeste Creswell
Georgia Bar No. 196077
Shawna M. Miller
Georgia Bar No. 202310
Robert G. Wright
Georgia Bar No. 704281
KABAT CHAPMAN & OZMER LLP
171 17th Street, NW
Suite 1550
Atlanta, Georgia 30363
Tel: (404) 400-7303
Fax: (404) 400-7333
nchapman@kcozlaw.com
ccreswell@kcozlaw.com
smiller@kcozlaw.com

5

rwright@kcozlaw.com

*Attorneys for Plaintiffs American Bankers Insurance Company of Florida and American Financial & Automotive Services, Inc.*

## **RULE 7.1(D) CERTIFICATE OF COMPLIANCE**

The undersigned counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

Dated: August 18, 2025.

*/s/ Nathan D. Chapman*
Nathan D. Chapman

**CERTIFICATE OF SERVICE**

This certifies that I have this day filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record.

Louis R. Cohan
J. Bertram Levy
COHAN & LEVY
3340 Peachtree Road, N.E.
Tower 100, Suite 2570
Atlanta, Georgia 30326
lcohan@cohanlawgroup.com
blevy@cohanlawgroup.com

Dated: August 18, 2025

*/s/ Nathan D. Chapman*
Nathan D. Chapman